UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACOBSEN OUTDOOR GROUP, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROCKY MOUNTAIN HUNTING CALLS<br>& SUPPLIES, LLC,<br><br>　　　　Defendant. | Case No. 2:23-cv-00088-AKB<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

　　　　Pending before the Court is Defendant Rocky Mountain Hunting Calls & Supplies, LLC's (RMHC) Motion for Reconsideration (Dkt. 49) of the Court's Memorandum Decision and Order granting in part and denying in part the summary judgment motion of Jacobsen Outdoor Group, LLC (Jacobsen Outdoor) and denying RMHC's summary judgment motion (Dkt. 47). Having reviewed the record and the parties' submissions, the Court finds the facts and legal arguments are adequately presented and oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed below, the Court denies RMHC's motion for reconsideration. Further, the Court orders the parties to show cause why this case should not be stayed pending resolution of their state court action addressing the parties' contractual relationship.

**MEMORANDUM DECISION AND ORDER - 1**

## I.   BACKGROUND

In March 2023, Jacobsen Outdoor filed a complaint against RMHC alleging federal and state law claims for trademark infringement and unfair competition and several other state law claims, including breach of contract, quasi-contract/unjust enrichment and tortious interference with economic advantage (Dkt. 1 at ¶¶ 20-122, 140-56). In response, RMHC asserted several affirmative defenses (Dkt. 8 at 12).

Following discovery, both parties moved for summary judgment (Dkts. 34, 35). Jacobsen Outdoor sought partial summary judgment to establish its ownership of the Elk101 trademark; RMHC's liability on Jacobsen Outdoor's federal and state claims for trademark infringement and unfair competition; and the failure of each of RMHC's affirmative defenses (Dkt. 34). Meanwhile, RMHC purportedly moved for summary judgment on all of Jacobsen Outdoor's claims (Dkt. 35). In its briefing, however, RMHC did not address Jacobsen Outdoor's claims for breach of contract, quasi-contract/unjust enrichment, or tortious interference with economic advantage (*id.*). Rather, it only challenged Jacobsen Outdoor's trademark infringement and unfair competition claims (*id*). As a result, the Court's consideration of RMHC's summary judgment motion was limited to those claims.

In support of summary judgment, RMHC submitted several filings that did not comply with local rules, including multiple statements of fact. Jacobsen Outdoor moved to strike certain portions of these improper statements (Dkt. 40). The Court denied Jacobsen Outdoor's motions, however, explaining that, although RMHC failed to comply with rules and many of RMHC's statements were redundant and onerous, RMHC's overlength statements did not impact the merits of the Court's decision and did not prejudice Jacobsen Outdoor (Dkt. 47).

After consideration of all the filings, the Court denied RMHC's summary judgment motion and granted Jacobsen Outdoor partial summary judgment on its trademark infringement and unfair competition claims and on RMHC's affirmative defenses, except for its permissive use defense (*id.*). The Court ruled, among other things, that Jacobsen Outdoor undisputedly has a protectible ownership interest in the Elk101 trademark; RMHC's use of that mark after Jacobsen Outdoor terminated the parties' license agreement in December 2022 constitutes trademark infringement and unfair competition (*id.* at 15-16, 21); and "[o]nce Jacobsen Outdoor terminated the license agreement in December 2022, RMHC had no right to continue using the mark"[1] (Dkt. 47 at 21). The issues remaining for trial following the Court's summary judgment decision are Jacobsen Outdoor's state law claims (other than its state trademark and unfair competition claims); Jacobsen Outdoor's damages; and RMHC's permissive use defense.

RMHC timely moves for reconsideration of the Court's summary judgment ruling under both Rules 59 and 60 of the Federal Rules of Civil Procedure (Dkt. 49).

---

[1] Following the Court's summary judgment ruling, Jacobsen Outdoor moved for permission to conduct discovery related to ongoing damages incurred after the discovery deadline (Dkt. 53 at 2). In opposition to this motion, the owner of RMHC, Dale Ames, submitted a declaration stating that "I reviewed the Court's January 24, 2025 Memorandum Decision and Order. Upon my review, I did not see any ruling or finding prohibiting RMHC from selling products with the term Elk101 on them" (Dkt. 54-2 at ¶ 3). While it is true the Court's decision did not expressly "prohibit" RMHC from continuing to sell products using the Elk101 trademark, the Court very clearly ruled that "once Jacobsen Outdoor terminated the license agreement, RMHC *had no right to continue using the mark* (Dkt. 47 at 21) (emphasis added). Accordingly, the Court's decision undisputedly notified RMHC that its continued use of the mark to sell products was unlawful and that RMHC risked incurring further damages if it continued using the mark.

**MEMORANDUM DECISION AND ORDER - 3**

## II.  LEGAL STANDARD

A party may move for reconsideration of summary judgment under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Clifford v. Rice*, 189 F.3d 472, 1 (9th Cir. 1999) (unpublished) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). The Ninth Circuit has explained that Rule 59(e) is used to request a court's substantive change of mind; meanwhile, Rule 60(a) is used to request a court correct an error in execution requiring the judgment to be corrected to implement its intended purpose. *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1299 (9th Cir. 2014); *see also Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) ("Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity if necessary for enforcement.").

Here, RMHC seeks substantively different rulings, which are contrary to the Court's summary judgment rulings; RMHC's request is not merely for clarification or explanation. Accordingly, Rule 59(e) is the applicable rule. Under Rule 59(e), a district court may grant relief to, among other reasons: (1) "correct manifest errors of law or fact upon which the judgment rests"; (2) "present newly discovered or previously unavailable evidence"; (3) "prevent manifest injustice"; or (4) "if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *see also Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). "Manifest injustice" is defined as "an error in the trial court that is 'direct, obvious, and observable.'" *Ctr. for Biological Diversity v. Little*, No. 1:21-CV-00479-CWD, 2025 WL 733014, at *2 (D. Idaho Feb. 4, 2025) (quoting BLACK'S LAW DICTIONARY, 11th Ed., 2019). "A manifest error of fact or law must be one 'that is plain and

indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'" *Id.*

Relief under Rule 59(e) is an extraordinary remedy. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Absent highly unusual circumstances, a court should not grant a motion for reconsideration. *Id.*; *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Notably, a party may not use a motion for reconsideration to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890. Additionally, a Rule 59(e) motion is not a means to relitigate losing arguments. *Ctr. for Biological Diversity*, 2025 WL 733014, at *2 ("Rule 59 is not intended to provide litigants with a 'second bite at the apple.'") (citing *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001)). A court has broad discretion under Rule 59(e), including when a motion seeks relief from a summary judgment order. *Northern Cheyenne Tribe v. Hodel*, 851 F.2d 1152, 1155 (9th Cir. 1988).

### III.   ANALYSIS

In support of its motion for reconsideration, RMHC argues that contrary to the Court's decision, "a genuine issue of fact for trial exists" on Jacobsen Outdoor's trademark infringement and unfair competition claims and "there is evidence in support of RMHC's affirmative defenses" (Dkt. 49). RMHC, however, does not otherwise address its affirmative defenses in seeking reconsideration (*see generally* Dkt. 49-1). Rather, RMHC focuses on "certain facts" it contends the Court found to be undisputed, makes several arguments related to those facts, and seeks reconsideration of those facts.

The Court's summary judgment ruling, however, either previously addressed and rejected each of RMHC's arguments or RMHC raises new arguments, which it could have reasonably raised in support of its summary judgment motion and in opposition to Jacobsen Outdoor's summary judgment motion. As a result, RMHC's arguments do not provide a basis for reconsideration. Nonetheless, the Court addresses each argument RMHC raises in seeking reconsideration.

A.  **Jacobsen Outdoor's Protectable Ownership Interest**

   1. **First Use of Mark in Commerce**

On summary judgment, the Court ruled that Jacobsen Outdoor used the Elk101 trademark in commerce first (Dkt. 47 at 11). In support of this ruling, the Court noted Corey Jacobsen attested in his declaration that Jacobsen Outdoor sold services and goods in 2009 using the mark (Dkt. 47 at 12) (referring to Corey's declaration). In that declaration, Corey attests Jacobsen Outdoor used the mark in 2009 to sell: (1) "elk calls, camping and hunting equipment and gear, camping and hunting services, and hunting education services"; (2) "articles and videos"; (3) "t-shirts, hats and decals"; and (4) a wind-detector product (Dkt. 34-8 at ¶¶ 20-22). The Court concluded this evidence was sufficient to meet Jacobsen Outdoor's initial burden on summary judgment to show it used the mark first in commerce. Further, the Court noted that RMHC only challenged the *picture* of the wind-detector as proof of Jacobsen Outdoor's sales of that product and that RMHC failed

to challenge both Corey's sworn statement that Jacobsen Outdoor *sold* the wind-detector and that Jacobsen Outdoor sold *other* goods and services (Dkt. 47 at 11-12).[2]

On reconsideration, RMHC challenges the Court's ruling that Jacobsen Outdoor used the Elk101 trademark first, asserting that "the evidence submitted to show Jacobsen [Outdoor's] sale of a product in commerce using [the] Elk101 mark is insufficient" (Dkt. 49-1 at 11). RMHC raises three arguments in support of this assertion. First, RMHC argues the Court "incorrectly plac[ed] the burden on RMHC to prove Jacobsen [Outdoor] did not sell the [wind-detector] product" (*id.* at 12). This argument misconstrues the Court's ruling. Once again, RMHC's argument narrowly focuses on the picture of the wind-detector. The Court's ruling, however, does not rely on that picture; rather, it relies on Corey's sworn statement that Jacobsen Outdoor sold the wind-detector and, also, that Jacobsen Outdoor sold *other* goods and services.

Further, RMHC's argument misconstrues its burden to oppose summary judgment. The Court concluded Jacobsen Outdoor met its initial burden on summary judgment of identifying evidence in the record that it sold services and goods—including more than the wind-detector product—in 2009 using the Elk101 trademark (*id.*). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (noting party seeking summary judgment bears initial burden to identify evidence in the record demonstrating absence of genuine factual issue). Thereafter, RMHC bore the burden of identifying evidence in the record supporting its assertion of genuinely disputed facts. *See* Fed. R. Civ. P. 56(c); *see also* FEDERAL PRACTICE AND PROCEDURE (WRIGHT & MILLER) § 2739

---

[2]  Specifically, RMHC argued on summary judgment that Jacobsen Outdoor failed to show it sold the wind-detector because the picture of the product was not adequate proof of sale and because Jacobsen Outdoor did not produce documentary evidence of any wind-detector sales.

(discussing obligation of party opposing summary judgment to present evidence and noting party opposing summary judgment cannot rest on "mere allegations or denials"). RMHC failed to meet this burden because it only challenged the picture of the wind-detector as inadequate to show Jacobsen Outdoor's first use in commerce and did not address Jacobsen Outdoor's other sales.

Trying to remedy this failure on reconsideration, RMHC now argues Jacobsen Outdoor failed to meet its summary judgment burden of proving it sold goods using the Elk101 trademark in 2009 because Corey's declaration is "self-serving" and "conclusory" (Dkt. 49-1 at 15-16). RMHC, however, could have reasonably raised this argument on summary judgment, but it never did. For this reason, RMHC improperly raises it on reconsideration. *See Kona Enters.*, 229 F.3d at 890 (ruling party may not use reconsideration motion to raise new arguments it could have reasonably raised earlier). Moreover, RMHC deposed Corey but has not—either previously or on reconsideration—pointed to any testimony or other evidence which contradicts Corey's declaration on summary judgment.

Regardless, RMHC's reliance on *FTC v. Publ'g Clearing House, Inc*., 104 F.3d 1168, 1171 (9th Cir. 1997), to belatedly challenge Corey's declaration is misplaced. In that case, the defendant opposed the plaintiff's summary judgment motion by submitting an affidavit containing only her denial of wrongdoing and no factual details. *Id.* Further, she failed to provide any other evidence in support of her allegations. *Id.* In contrast, Corey's declaration includes more than bald assertions. Rather, the declaration is over 60 paragraphs and 100 pages long (including exhibits) (Dkt. 34-8). In it, Corey explains in detail Jacobsen Outdoor's history and its use of the Elk101 trademark, including the products and the services Jacobsen Outdoor sold using the mark (*id.*).

RMHC also challenges the Court's ruling that Jacobsen Outdoor first used the Elk101 trademark in commerce by arguing—again—that the Court cannot consider Jacobsen Outdoor's use of the mark to sell services (*see* Dkt. 49 at 12, 17) ("Without evidence of the sale of goods, Jacobsen's evidence of service does not amount to a right to the mark for goods."). As the Court explained previously, however, the Ninth Circuit "applie[s] the same test for both service mark and trademark infringement cases." *Nutri/System, Inc. v. Con-Stan Industries, Inc.*, 809 F.2d 601, 604 (9th Cir. 1987); *Rexel, Inc. v. Rexel Intern. Trading Corp.*, 540 F.Supp.2d 1154, 1162 (C.D. Cal. 2008) (citing *Nutri/System*, 809 F.2d at 604, and denying a defendant's argument regarding priority based on the plaintiff's marks being "service marks" rather than "trademarks"). To the extent Rocky Mountain distinguishes between Jacobsen Outdoor's use of the mark to sell services rather than goods, it runs against Ninth Circuit precedent for determining priority use. Moreover, as discussed above, Corey's declaration attests that Jacobsen Outdoor sold *both* goods and services using the mark in 2009 (Dkt. 34-8 at ¶¶ 20-22).

### 2. Quality Control

In opposing summary judgment, RMHC argued Jacobsen Outdoor lost its right to the Elk101 trademark because the parties' license agreement was "naked," meaning Jacobsen Outdoor failed to exercise quality control over RMHC's use of the mark (Dkt. 36 at 8-10). Rejecting this argument, the Court ruled that the lack of an express contractual right to inspect and supervise RMHC's operations was not conclusive evidence of lack of control; formal quality control is not necessary; and Jacobsen Outdoor exercised quality control as evidenced by, among other things, emails between RMHC and Jacobsen Outdoor about quality (Dkt. 47 at 13-14).

On reconsideration, RMHC challenges this ruling, arguing that Jacobsen Outdoor's pre-2019 quality control is irrelevant and evidence of Jacobsen Outdoor's quality control after that date shows merely that RMHC "permitted" Jacobsen Outdoor's "feedback," "suggestions," and collaboration, which is not quality control (Dkt. 49-1 at 17-19). RMHC, however, did not make these arguments on summary judgment, although it could have made them at that time. Accordingly, the arguments are improper on reconsideration. *See Kona Enters., Inc.*, 229 F.3d at 890 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Regardless, the undisputed facts are that Jacobsen Outdoor exercised quality control over RMHC's products using the Elk101 trademark both before RMHC's assets were sold to Dale Ames and after that sale occurred, as evidenced by emails. Those emails show Corey identified quality issues with the products, and RMHC attempted to address those issues. Further, Jacobsen Outdoor expressly noted that "quality control is definitely important" when terminating the license agreement (*see* Dkt. 47 at 13-14). Aside from being an improper new argument, the record does not support RMHC's new characterization of Jacobsen Outdoor's quality control communications as merely "feedback" or "suggestions."

### 3. Continuous Use

On summary judgment, the Court considered RMHC's argument that Jacobsen Outdoor's use of the Elk101 trademark was not continuous because Jacobsen Outdoor had purportedly sold its right to the mark on multiple occasions (Dkt. 47 at 14). Despite the evidence of Jacobsen Outdoor's various business dealings involving the mark, the Court ruled the undisputed facts show Jacobsen Outdoor continuously used the mark because RMHC regularly paid Jacobsen Outdoor a

royalty for the mark's use from 2010 until the termination of the parties' license agreement in December 2022 (*Id.* at 15).

RMHC does not challenge that regular receipt of a royalty payment for a trademark constitutes continuous use for purposes of establishing trademark ownership. Rather, on reconsideration, RMHC challenges the nature of the parties' oral agreement. Specifically, RMHC argues—for the first time—that the parties' oral agreement is not a license agreement for royalties but rather a sponsorship agreement for the payment of commissions (Dkt. 49-1 at 10-11).

This characterization of the parties' agreement as a sponsorship agreement for commissions directly contradicts Jacobsen Outdoor's understanding of the agreement. In support of summary judgment, Jacobsen Outdoor argued it was undisputed it owned the Elk101 trademark (including Elk101.com); it had a license agreement with RMHC for use of this mark; under this license agreement, RMHC paid it royalties for the mark's use; Jacobsen Outdoor terminated this license agreement in December 2022; and RMHC unlawfully continued to use the mark, despite the license agreement's termination.

On summary judgment, Jacobsen Outdoor clearly characterized the parties' oral agreement for RMHC's use of the Elk101 trademark as a license agreement for royalties. Importantly, RMHC never challenged this characterization. Specifically, RMHC never argued that RMHC only agreed to pay Jacobsen Outdoor a *commission* for its sponsorship of RMHC's products versus a royalty for RMHC's use of the mark. Indeed, RMHC repeatedly referred to its payments to Jacobsen Outdoor under the parties' agreement as *royalties* (*see, e.g.*, Dkt. 36 at 14 (explaining Jacobsen Outdoor "benefited from that use through the payment of royalties"); Dkt. 38 at 10 (addressing the sale of products for which "Jacobsen received royalties")). RMHC never once during its

voluminous summary judgment filings uses the words "commission" or "sponsorship" to describe the parties' agreement.[3] Because RMHC could have previously disputed the nature of the parties' agreement, its new argument that the agreement is not a license agreement for royalties is an improper argument on reconsideration. *See Kona Enters., Inc.*, 229 F.3d at 890 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

## B. Consumer Confusion

On summary judgment, the Court concluded Jacobsen Outdoor established the probability of consumer confusion. In doing so, it noted RMHC challenged only one *Sleekcraft*[4] factor—actual confusion (Dkt. 47 at p. 17). Addressing this factor, the Court ruled that Elk101 and Elk101.com are essentially identical marks and that Jacobsen Outdoor has produced strong evidence of actual confusion, namely numerous emails from consumers expressing confusion about RMHC's and Jacobsen Outdoor's use of the Elk101 trademark (*id.* at 18). On reconsideration, RMHC challenges this ruling. In support, RMHC makes factual arguments, including that Jacobsen Outdoor only sells services and not products; Jacobsen Outdoor never manufactured game calls or hunting

---

[3]   Although RMHC cited generally to Rockie Jacobsen's deposition testimony that RMHC's contract with Jacobsen Outdoor "would be the same" as its written contract with Steve Chappell (Dkt. 36-1 at 7) (citing Dkt. 35-8 at p 88, ll. 21-25), RMHC never explicitly disputed that the parties' oral agreement was a license agreement for the trademark's use or that RMHC was paying a commission in lieu of a royalty.

[4]   *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n.19 (9th Cir. 2003).

equipment; and the consumer emails expressing confusion are related to third-party retailers' purchases of RMHC products (Dkt. 49-1 at 20).

To the extent RMHC did not previously make these factual arguments, it reasonably could have raised them on summary judgment. *See Kona Enters., Inc.*, 229 F.3d at 890 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Regardless, none of them warrant reconsideration. For example, the Court has already rejected RMHC's argument that the parties' use of the Elk101 trademark is unrelated because RMHC sells goods and Jacobsen Outdoor allegedly only sells services (Dkt. 47 at 19-20) (citing *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1163 (9th Cir. 2021)). Further, that Jacobsen Outdoor did not manufacture the goods it sold or that consumers have expressed actual confusion about RMHC's use of the mark on products it manufactured begs the question of confusion between Jacobsen Outdoor's and RMHC's use and ownership of the mark.

In summary, RMHC has failed to establish a legitimate reason for the Court to reach different substantive rulings on summary judgment. RMHC's arguments are either a reiteration of its prior arguments or new arguments it could have raised but failed to raise before the Court entered its summary judgment ruling. In reaching its summary judgment ruling, the Court relied on controlling law and credible evidence in the record. That RMHC now has new and perhaps improved factual arguments challenging that evidence does not give rise to manifest injustice and is not a basis for reconsideration. *See Allstate Ins.*, 634 F.3d at 1111 (identifying bases for Rule 59(e) relief).

### C.     Order to Show Cause

As previously noted, RMHC argues for the first time on reconsideration that "RMHC did not have a royalty agreement with Jacobsen but instead a sponsorship agreement [under which Jacobsen Outdoor] received *commission* payments" (Dkt. 49-1 at 4) (emphasis added). In support, RMHC also discloses to the Court for the first time that "there is an ongoing State Court Case in Kootenai County *addressing many of the same issues* before this Court" (*id.* at 11) (emphasis added). In response, Jacobsen Outdoor submits RMHC's state court complaint—filed in February 2023, approximately one month *before* this action was filed in March 2023— and RMHC's amended complaint (Dkt. 51-1 at Ex. A, B). In both complaints, RMHC alleges the parties have an "enforceable contract" and that Jacobsen Outdoor breached that contract (*id.* at Ex. B ¶ 28).

The parties' oral agreement at issue in this case appears to be the basis of RMHC's breach of contract claim in its state court complaint. That the parties are potentially simultaneously litigating the very same contract in state court and federal court is very concerning. The parties are ordered to show cause why this action should not be stayed pending the state court resolution of any issues pending before the state court which this Court has not already addressed including, for example, (1) whether the state court's resolution of issues has or may conflict with this Court's summary judgment rulings; and (2) whether it is necessary for this Court to allow Jacobsen Outdoor the opportunity to conduct damages discovery (*see* Dkt. 53 (motion seeking damages discovery) or whether that discovery has already occurred in the parties' state court proceedings.

## IV. ORDER

**IT IS ORDERED** that:

1. Rocky Mountain Hunting Calls & Supplies' Motion for Reconsideration (Dkt. 49) is **DENIED**.

2. The parties are **ORDERED TO SHOW CAUSE** why this Court should not stay this case until the resolution of the parties' state court action. Both parties are ordered to submit a brief on this issue not to exceed twenty pages by no later than **August 8, 2025**.

DATED: July 24, 2025

Amanda K. Brailsford
U.S. District Court Judge